UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRYAN CHRISTOPHER BROWN,

        Plaintiff,

v.

UNKNOWN VANDERWAGON et al.,

        Defendants.
_____/

Case No. 1:19-cv-762

Honorable Janet T. Neff

# **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).[1] The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] Plaintiff has filed a motion seeking initial review of his complaint (ECF No. 3). In light of the Court's statutory obligation to conduct such review, Plaintiff's motion will be denied as unnecessary.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. Plaintiff sues the following LRF officials: Correctional Officers Unknown Vanderwagon and Unknown Cunningham; Sergeant Unknown Brown; Captain Unknown Ryley; Inspector Unknown Evans; and former Warden Mary Berghuis.

Plaintiff alleges that, on the evening of December 8, 2014, two inmates armed with knives came into Plaintiff's prison cell and attempted to steal his property. Plaintiff fought them off, and the inmates ran out of his cell. Correctional Officers Furgenson, Hudson, and Vanderwagon were in the hallway, and they placed the two offending inmates and Plaintiff in handcuffs. Plaintiff was taken to segregation and then moved into involuntary protective custody.

Defendant Cunningham delivered Plaintiff's property to his new cell. The property included a duffel bag containing legal work and literature, as well as a garbage bag containing more legal work. Plaintiff noticed that he was missing all of the property that had been stored in his wall locker, which included all of his state-issued clothes and his 13-inch RCA color television.

Plaintiff complains that Defendant Vanderwagon, in contravention of his duties under MDOC policies, failed to immediately take Plaintiff's property from his locker. By the time Vanderwagon returned to the cell, Plaintiff's lock apparently had been removed and his property taken. Plaintiff complained to Defendants Cunningham, Brown, Ryley, and Evans, asking that they review and preserve the videotape of movements around his cell, in order to determine who

2

took his property. Plaintiff alleges that Defendants Cunningham, Brown, Ryley, and Evans failed or refused to investigate as he requested. In addition, Plaintiff claims that he wrote Defendant Berghuis a letter, asking her to investigate his stolen property. His letter went unresolved.

Plaintiff seeks declaratory relief and compensatory damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations fail to state a claim for numerous reasons. First, Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not and cannot sustain his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation

4

remedies were available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a).

Plaintiff claims that he was unsuccessful in obtaining relief from the Michigan Court of Claims. However, in order to satisfy due process, the post-deprivation remedy does not have to guarantee a successful outcome, nor is it required to provide relief equivalent to that available in a § 1983 action. *See Parratt*, 451 U.S. at 543-44. As the Court has instructed: "Although the state remedies may not provide . . . all the relief which may have been available . . . under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." *Parratt*, 451 U.S. at 544. Due process only requires that an adequate post-deprivation remedy be available when the deprivation of property occurs. *Id.* at 544. The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Because there were adequate post-deprivation remedies available to Plaintiff, he is not entitled to relief on his due process claims.

Even if Plaintiff's claims were not barred by *Parratt*, they would be subject to dismissal for another reason. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69

5

(1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2) (eff. June 12, 2018) (previously § 600.5805(10)); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[2]

Plaintiff asserts claims arising in December 2014. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued in December 2014. However, he did not file his complaint until September 2019, well past Michigan's three-year limit. Although Plaintiff is correct that the statute of limitations is tolled for the period during which a plaintiff's available state administrative remedies were being exhausted, *see Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000), Plaintiff's administrative remedies were completed on November 17, 2015. Thus, the tolling period ended nearly four years before Plaintiff filed suit.

Plaintiff argues that the Court should also toll the limitations period for the time during which Plaintiff sought relief in the Michigan Court of Claims. That case was dismissed on summary judgment and reconsideration was denied on August 8, 2019. Plaintiff's argument is without support under either federal or state law.

---

[2] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

As a consequence, Plaintiff's complaint is time-barred and therefore fails to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .") .

Finally, Plaintiff's complaint against Defendants Cunningham, Brown, Ryley, Evans, and Berghuis fails to state a claim for yet another reason. Plaintiff fails to make specific factual allegations against Defendants Cunningham, Brown, Ryley, Evans, and Berghuis, other than his claim that they failed to conduct an investigation in response to his grievances and verbal requests. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act

based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Cunningham, Brown, Ryley, Evans, and Berghuis engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

For all these reasons, Plaintiff's complaint fails to state a claim against any Defendant.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also will deny as unnecessary Plaintiff's motion seeking initial review of the complaint.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court declines to certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

8

An order and judgment consistent with this opinion will be entered.

Dated: November 12, 2019　　　　　　　　　/s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　United States District Judge